IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Etta Johnson, | Civil Action No.: 1:14-CV-2553-TCB |
| Plaintiff, | |
| v. | |
| Caribbean Cruise Line, Inc. ; and DOES 1-10, inclusive, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Etta Johnson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Etta Johnson ("Plaintiff"), is an adult individual residing in Eastpoint, Georgia, and is a "person" as defined by 47 U.S.C.A. § 153(39).

4. Defendant Caribbean Cruise Line, Inc. ("Caribbean"), is a Florida business entity with an address of 2419 East Commercial Boulevard, Suite 100, Ft. Lauderdale, Florida 33308, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Does 1-10 (the "Agents") are individual agents employed by Caribbean and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Caribbean at all times acted by and through one or more of the Agents.

## FACTS

7. In or around January 2014, Caribbean began calling Plaintiff's cellular telephone, number 678-XXX-5927, using an automated telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice.

8. When Plaintiff answered calls from Caribbean she heard a prerecorded message telling Plaintiff that she "won a free trip" to the Bahamas.

9. When Plaintiff did not answer the phone a prerecorded voicemail was left which 1) feigned surprise that Plaintiff had not yet responded to Defendant's calls offering a free cruise to the Bahamas 2) invited the Plaintiff to call back (to number 800-619-0592) to recover her "free" cruise.

10. Plaintiff never provided her cellular telephone number to Caribbean and never provided her consent to be called by Caribbean, to market purportedly "free" cruises.

11. Plaintiff's experience of receiving automated telemarketing calls from Defendant is far from unique as demonstrated by complaints and other litigations:



Source: http://www.callercomplaints.com/SearchResult.aspx?Phone=800-619-0592; *see also Hudak v. Berkley Grp., Inc. and Caribbean Cruise Line, Inc.*, 3:13-CV-00089-WWE, 2014 WL 354676 (D. Conn. Jan. 23, 2014); *Birchmeier v. Caribbean Cruise Line, Inc.*, 12 C 4069, 2012 WL 7062748 (N.D. Ill. Dec. 31, 2012).

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

14. Upon information and belief, Defendant used some type of ATDS or Predictive Dialer. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*.

15. The precise system used and its capabilities are currently unknown to the Plaintiff.

4

16. Regardless, Defendant did use prerecorded voices in the calls and messages left on Plaintiff's machine.

17. The use of prerecorded voices forms the predicate of a TCPA claim. In combination with the repetitive nature of the sales calls, an additional predicate, use of ATDS, can reasonably be inferred.

18. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 7, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Etta Johnson
LEMBERG LAW L.L.C.
1100 Summer Street, Third Floor
Stamford, CT 06905
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com